UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                  PLAINTIFF

v.                                                  CRIMINAL ACTION NO. 3:23-CR-00064-CHB

JOSHUA JAMES EDWARDS YOUNG                              DEFENDANT

### UNITED STATES' SENTENCING MEMORANDUM
*-Filed Electronically-*

The United States of America, by counsel, Assistant United States Attorney Emily Lantz, files its memorandum in support of sentencing in this action currently scheduled for June 27, 2024.

### Statutory Sentencing Provisions

A conviction under Title 18, United States Code, Sections 922(g)(1), and 924(a)(8) carries no minimum term of imprisonment and a maximum term of imprisonment of 15 years, a potential maximum fine of $250,000, and up to a 3-year period of supervised release.

### Guideline Calculations

The United States objects to the guideline calculation prepared by the United States Probation Office. The Probation office applied a cross-reference to USSG § 2A2.1 (Assault with Intent to Commit Murder; Attempted Murder). Probation's interpretation of the evidence is not unsound when applying this cross-reference. However, based upon the totality of the circumstances, because the defendant took responsibility quickly and did not use resources to litigate issues or put the victim through the discomfort of having to come to court and testify, the

United States is giving him the benefit of the doubt that it was not his intent to murder the victim, but rather to inflict injury. Therefore, the United States does not oppose the defendant's position that the court should consider the crime to be an assault as opposed to attempted murder, and believes the more applicable cross-reference to apply is § 2A2.2(a) (Aggravated Assault).

The United States miscalculated the defendant's sentencing guidelines pre-plea by not applying the cross-reference. Instead, the United States had calculated the defendant's guidelines under § 2K2.1 and calculated the shooting that occurred on March 3, 2023 as an enhancement pursuant to § 2K2.1(b)(6)(B). It was the United States' intention to have an agreement that was within the guidelines, and since it believed the guidelines to be 63-78 months, agreed to recommend a sentence of 63 months pursuant to Rule 11(c)(1)(C). However, after reviewing the PSR, the United States understands that a cross-reference to the shooting is appropriate. The United States acknowledges that the recommendation of 63 months is below a guideline sentence for the defendant, but it is not asking to withdraw from the agreement.

## Criminal History

The United States concurs with the criminal history calculation prepared by the United States Probation Office of a Criminal History Category VI.

## Defendant's Objections

The defendant objects to the relevant conduct cross-reference of § 2K2.1(c)(1)(A), arguing that "even if" the defendant shot the victim, there is insufficient evidence that the shooting was not in self-defense and that there is insufficient evidence that the gun involved in the shooting was the same gun the defendant possessed when he was arrested on March 11, 2023.

There is sufficient evidence that the defendant shot the victim on March 3, 2023. Both the victim and an eyewitness identified the defendant as being the shooter. An analysis of the gun and the casings collected at the scene of the shooting confirmed that the gun the defendant was in possession of on March 11, 2023 was the same gun used in the shooting on March 3, 2023. Further, the defendant admitted to committing the shooting, and that the gun he used was the same gun he was arrested with, both in the plea agreement and at the Change of Plea hearing on March 21, 2024 (DN 35, ¶ 3, page 88).

## Appropriate Sentence

Pursuant to the parties' Rule 11(c)(1)(C) plea agreement, the United States recommends a sentence of 63 months imprisonment. The United States further asks for three years of supervised release.  The United States also agrees with the proposed special conditions of supervision listed in the Presentence Report.

The United States agrees with the guideline calculation offered by the defendant in his objection that applied the aggravated assault cross-reference under § 2A2.2(a). This guideline range is 77-96 months, which is two levels above what the United States believed his guideline to be. A sentence of 63 months is sufficient, but not greater than necessary to reflect the seriousness of the offense conduct in this case.

## Conclusion

The United States respectfully requests the Court to follow its recommendation sentence the defendant 63 months' imprisonment to be followed by three years of supervised release.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

*Emily Lantz*
Emily Lantz
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky 40202
PH: (502) 582-5911

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

*/s/Emily Lantz*
Emily Lantz